United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

AARON ARELLANES-JARQUIN,
Defendant.

Case No. 26-mj-070962 NC

**ORDER TO SHOW CAUSE TO PROSECUTION RE: DUE PROCESS**

The United States, through a Criminal Complaint affidavit from a Deportation Officer with Department of Homeland Security, Immigration and Customs Enforcement, Enforcement Removal Operations, charged Defendant Aaron Arellanes-Jarquin with a criminal violation of violation of 8 U.S.C. §§ 1326(a) – Illegal Reentry Following Removal. ECF 1 (Complaint). Arellanes-Jarquin was arrested and first appeared before this Court on July 22, 2026. He was advised of his rights and the Federal Public Defender was appointed to represent him. ECF 3. On July 30, 2026, the Court held a detention hearing for the defendant and ordered the defendant released on a combination of conditions. ECF 8. The United States did not appeal the release order. Among the ordered conditions, Arellanes-Jarquin was released with a promise to attend all Court proceedings, including the next hearing scheduled on August 12, 2026.

Today Pretrial Services alerted the Court and parties that Arellanes-Jarquin was

detained by ICE outside the jail after his July 30 release. The Court does not have any information beyond what Pretrial Services has reported.

Based on the report from Pretrial Services, the Court has set a bail review hearing for August 5, 2026, at 11:30 a.m. in San Jose courtroom 5.

At the hearing, the United States must show cause as to why the Court should not find that Arellanes-Jarquin's Due Process rights have been violated by his detention after Court-ordered release and the Court should not recommend the criminal case be dismissed. An analogous procedural circumstance was addressed by the District Court in *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Ore. 2012). In that case, the District Court explained that when the Executive Branch detained in immigration custody a criminal defendant who had been ordered released on bond, it "deprived him and his court-appointed counsel of the ability to meet and work together to prepare for his defense at trial without undue inconvenience or hardship, thereby jeopardizing not only his statutory rights under the BRA [Bail Reform Act], but also his rights under the Fifth, Sixth, and Eighth Amendments and under basic principles of fundamental fairness." 900 F. Supp. 2d at 1180. Judge Simon explained that a district court has inherent supervisory powers over its processes and those who appear before it. *See generally United States v. Hasting*, 461 U.S. 499, 505 (1983). These supervisory powers include, but are not limited to, the ability "to implement a remedy for a violation of recognized rights." *United States v. W.R. Grace*, 526 F.3d 499, 511 n.9 (9th Cir. 2008) (citation omitted); *see also United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011) (recognizing that even when government conduct does not rise to the level of a due process violation, a court nonetheless may dismiss an indictment using its supervisory powers). As the Ninth Circuit expressly recognized: "Dismissal is appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *United States v. Barrera–Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991); *Trujillo-Alvarez*, 900 F. Supp. 2d at 1180

It is unclear in the case of Arellanes-Jarquin, however, whether a lesser remedial

action is available, so the Executive Branch will be afforded an opportunity to show that it is. And the defendant will be afforded an opportunity to respond.

The United States Attorney's Office is ordered to provide immediate notice of this Order to the ICE affiant on the Criminal Complaint and to ICE so that they too may have an opportunity to respond. If Arellanes-Jarquin is not released from immigration custody before the August 5 hearing, the Court may recommend dismissal of his criminal case and may consider and order any other sanction within its powers that would remedy a violation of the United States Constitution.

**IT IS SO ORDERED.**

Dated: July 31, 2026

NATHANAEL M. COUSINS
Chief U.S. Magistrate Judge

United States District Court
Northern District of California